AO 106 (Rev. 04/10) Application for a Search Warrant *(Page 1)*

## UNITED STATES DISTRICT COURT
for the
Northern District of New York

FILED
U.S. DISTRICT COURT - N.D. OF N.Y.
APR 08 2022
AT _____ O'CLOCK
John M. Domurad, Clerk - Albany

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 1:22-MJ-171 (CFH)
)
**AN APPLICATION FOR A SEARCH** )
**WARRANT FOR THE COLLECTION OF** )
**DNA SAMPLE EVIDENCE FROM THE** )
**PERSON OF MIKAL SMITH (DOB ▮▮▮▮)** )

### APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property: *(identify the person or describe the property to be searched and its given location):*

SEE ATTACHMENT A

located in the   NORTHERN   District of   NEW YORK   , there is now concealed *(identify the person or describe the property to be seized):*

SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☒ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. 922(g)(1) | Felon Not to Possess a Firearm |
| 21 U.S.C. 841(a)(1) | Possession with Intent to Distribute a Controlled Substance |

The application is based on these facts:

SEE ATTACHED AFFIDAVIT

☒ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days):   Click here to enter a date.
is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

TFO *[signature]*
*Applicant's signature*

John Regan, DEA TFO
*Printed name and title*

Attested to by the affiant in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

Date: April 8, 2022    _____
                         *Judge's signature*

City and State: Albany, NY    Hon. Christian F. Hummel, U.S. Magistrate Judge
                              *Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: AN APPLICATION FOR A SEARCH WARRANT FOR THE COLLECTION OF DNA SAMPLE EVIDENCE FROM THE PERSON OF MIKAL SMITH (DOB ████) | Case No.<br><br>**Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, John Regan, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I am a Task Force Officer of the Drug Enforcement Administration (DEA), an agency of the Department of Justice. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), in that I am empowered to investigate and make arrests for offenses of Title 18 and 21 of the United States Code. My title is that of Detective with the Albany Police Department. My formal training includes twenty four (24) weeks of basic training at the Zone 5 Regional Law Enforcement Training Academy, in Troy, NY, (Session 36) which included general narcotics investigation training. I have been a member of the Albany Police Department since January 21st, 2004 and have been a Detective assigned to the Community Response Unit since December, 2011. I have participated in numerous state and federal investigations of criminal drug organizations as a member of the Albany Police Department to include experience gained while serving as a member of the Albany Police Department's plain clothes Community Response Unit (CRU). While serving as a member of the Community

i

Response Unit, I deployed as a plain clothes Albany Police Officer engaged in anti-crime patrols. I attended search warrant school, interview and interrogation school and undercover school. I gained valuable experience making numerous drug and firearm arrests, conducting lawful searches, conducting surveillance, and personally interviewing, interrogating and debriefing numerous subjects about the trafficking, concealment and distribution of drugs and firearms. Additionally, I have worked on numerous investigations involving the possession, concealment and sale of firearms that have led to the arrest and successful prosecution of offenders. I have also been the affiant on or have assisted on previously served search warrants that have led to the recoveries of illegally possessed firearms.

2. The facts in this affidavit come from my personal observations and participation in this investigation, third party subpoena responses, interviews of individuals, my training and experience, and information obtained from Albany Police Department Police Officers and other agents and task force officers. The information contained in this affidavit is not an exhaustive account of everything I know about this case. Rather, it contains only those facts that I believe are necessary to establish probable cause in support of this search warrant.

3. I make this affidavit in support of an application for a search warrant to obtain DNA samples from Mikal Smith (DOB ▇▇▇▇) ("Subject Sample") in the form of buccal (inside cheek) DNA swabs. As set forth in more detail below, there is probable cause to believe that Mikal Smith has committed a violation of Title 18, United States Code, Section 922(g) (possession of a firearm by a convicted felon) and Title 21 United State Code Section 841(a)(1) (possession with intent to distribute a controlled substance), and that the DNA sample will provide evidence of these violations.

2

## **PROBABLE CAUSE**

4.     The DEA and Albany Police Department conducted an investigation related to a firearm and narcotics located and seized by Albany Police Department Police Officers during a response to an arrest warrant for Mikal Smith., on April 7, 2021, in Albany, New York. During the arrest, there was a rifle magazine containing 20 live rounds of ammunition recovered by police, along with a plastic bag containing approximately 83 grams of base cocaine. There is probable cause to believe the rifle magazine and plastic bag of cocaine was possessed by Mikal Smith, a convicted felon.

5.     As part of this investigation, your affiant has reviewed the reports of law enforcement officers prepared in connection with the response to the incident and has spoken with those officers, and others who were involved in the incident.

6.     On April 7, 2021, at approximately 4:30 p.m., your affiant arrived near Sherman Street and Lexington Avenue, in Albany, New York, in an unmarked police vehicle, in search of the defendant, who your affiant understood to have an active arrest warrant for a violation of parole. Upon arrival, the defendant was observed standing near Sherman Street and Lexington Avenue. Your affiant continued to the Albany Police Department and confirmed through New York State information databases that the defendant's New York State parole warrant was active. Your affiant then informed fellow officers from the Albany Police Department of the defendant's active warrant, and his location and proceeded back to Sherman Street and Lexington Avenue.

7.     At approximately 16:30 hrs, your affiant arrived at Sherman Street and Lexington Avenue and again observed the defendant in the same location. As officers approached in their vehicles, the defendant ran from the area, heading northbound on the sidewalk of Lexington Avenue, towards Sheridan Avenue. As the defendant ran from officers, he threw a gray 30 round

3

magazine over wooden fence that borders the sidewalk of Lexington Avenue, from his hand. The magazine was later recovered and found to contain 20 live rounds of .556 millimeter ammunition.

8. Immediately after throwing the magazine of ammunition, the defendant changed direction, and proceeded across Lexington Avenue, and into a small parking that adjoins Rolf's Pork Store, located at 70 Lexington Avenue, Albany, New York. As the defendant crossed the street, he grabbed a bag of white powder from his person and threw the bag in the air, and towards the roof of a small white building, near the corner of Lexington Avenue and Sheridan Avenue. The plastic bag of white powder was recovered on the ground in the rear of the building. The white powder was later determined to 83 grams of base cocaine, by the New York State Drug Laboratory. The defendant was apprehended immediately after, in the small parking lot. The defendant was not wearing gloves during the incident. The officers pursuing the defendant were wearing body cameras, which captured the pursuit by officers and the defendant throwing both the items.

9. Immediately after the magazine of ammunition and bag of cocaine were collected by officers, the items were swabbed. The New York State Police Forensic Investigation Center will analyze the swabs for a DNA profile and then for comparison purposes in the event that additional evidence and/or reference samples are submitted in this case.

10. Further investigation revealed the defendant have a 2014 conviction in Albany County Court for criminal sale of a controlled substance, in the third degree, a felony, was sentenced for fifty-four months of imprisonment and served approximately three and a half years in prison.

11. Pursuant to an April 8, 2022 letter from a Forensic Scientist with the New York State Police Forensic Investigation Center, a swab of the ammunition magazine identified as Item

5A-B, resulted in a positive presumptive screening test for material suitable for testing for a DNA match (Lab Ref. No. 21HL-2573). Accordingly, the profile from Item 5A-B is consistent from an unknown male donor, along with four other donors. The profile can be used for comparison purposes in the event that additional evidence and/or reference samples are submitted in this case.

## THE SEARCH

12.     Based on my training and experience, DNA / buccal swabs will be obtained by swabbing the inside of Smith's mouth - specifically, the lining of his cheek, a minimally invasive procedure. To ensure successful tests, law enforcement officers executing the requested warrant would obtain multiple samples from each cheek. From my experience, I know that this procedure should last no more than a few minutes, and creates no likelihood of physical harm, trauma, or pain. The DNA sample will be obtained by personnel of the Albany Police Department Evidence Technicians who are well experienced in such matters. After collection, the samples will be placed in sealed containers and will be turned over to DNA specialists at the New York State Police Forensic Investigation Center for analysis any comparison to a DNA profile, taken from the ammunition magazine or bag of cocaine that was recovered from the ground near where the defendant was apprehended.

## CONCLUSION

13.     Based on the foregoing, I respectfully submit that there is probable cause to believe that a violation of 18 U.S.C. § 922 (g) (unlawful possession of a firearm by a convicted felon) and 21 U.S.C. § 841(a)(1) (possession with intent to distribute a controlled substance) has occurred. I further submit that there is probable cause to believe that obtaining buccal swabs from Smith will

provide evidence of this violation. I therefore respectfully request that a search warrant be issued authorizing the search and seizure of DNA samples from Mikal Smith.

Date: 4/8/2022

TFO
_____
John Regan
Task fForce Officer
Drug Enforcement Administration

I, the Honorable Christian F. Hummel, United States Magistrate Judge, hereby acknowledge that this affidavit was attested by the affiant by telephone on (date and time) April 8, 2022   4:30 pm   in accordance with Rule 4.1 of the Federal Rules of Criminal Procedure.

_____
Christian Hummel
USMJ.

6